# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

No. 10-31232
Summary Calendar

Lyle W. Cayce
Clerk

KRITI FILOXENIA SPECIAL MARITIME ENTERPRISE,

Plaintiff - Appellee/Cross - Appellant,

v.

YASA H. MEHMET MOTOR VESSEL, Her engines, tackles, apparel, etc., in rem; YA-SA DENIZCILIK SANAYI VE TICARET A.S., in personam; YA-SA SHIPMANAGEMENT & TRADING S.A., in personam,

Defendants - Appellants/Cross - Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-326

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's denial of Plaintiff-Appellee/Cross-Appellant Kriti Filoxenia Special Maritime Enterprise's (Kriti's) motion for partial summary judgment. We AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-31232

## I.  FACTS AND PROCEEDINGS

In October 2008, two vessels owned by the respective parties to this action were involved in a maritime accident in the Port of Lagos, Nigeria.  The Turkish flagged M/V YASA H. MEHMET, owned by Defendants-Appellants/Cross-Appellees Ya-Sa Denizcilik Sanayi ve Ticaret A.S. and Ya-Sa Ship Management & Trading S.A. (collectively Ya-Sa),  Turkish domiciliaries, allided[1] with the Greek flagged M/V KRITI FILOXENIA, owned by  Kriti, a Greek domiciliary.  Kriti's vessel—the only one to sustain physical damages in the accident—required  temporary repairs in Nigeria, and more extensive dry dock repairs in Turkey.  The dry dock repairs caused loss of use damages.

In 2010, Kriti filed this suit against Ya-Sa in the Eastern District of Louisiana, seeking restitution for both the ship's physical damages as well as for its loss of use damages.  The M/V YASA H. MEHMET was then arrested during an unrelated call to a U.S. port.

In its motion for partial summary judgment, Kriti argued that no foreign law clearly governs this dispute.  Accordingly, Kriti contended, the district court should have applied U.S. law.  Before the district court ruled on Kriti's motion, however, the parties settled the physical damages claim.  Thereafter, with only the loss of use claim remaining, Kriti filed a supplemental memorandum in which it argued that Nigeria lacks any legal connection to the dispute and that Ya-Sa's only reason for seeking the application of Nigerian law is to avoid loss of use liability.  Kriti therefore contended that if the court declines to apply U.S. law, it should apply the law of Greece or Turkey to resolve that claim.   Ya-Sa responded by filing a surreply, in which it argued that Nigerian law should govern because the wrongful act occurred in Nigerian waters.

---

[1] In maritime law, the verb "allide" means to contact a stationary object such as an anchored vessel or a pier.  Black's Law Dictionary 88 (9th ed. 2009).

No. 10-31232

The district court agreed with Ya-Sa and denied Kriti's motion for partial summary judgment. Kriti then filed a motion to certify this interlocutory appeal. The district court granted Kriti's motion, finding that the choice-of-law issue is a controlling question of law, and that this question necessitated immediate appeal. This court agreed, and granted leave to address this single issue on interlocutory appeal.

## II. DISCUSSION

This court reviews a district court's choice-of-law determination *de novo*. *Fogleman v. ARAMCO*, 920 F.2d 278, 282 (5th Cir. 1991). Whether U.S. or foreign law governs a maritime tort "depends on an assessment of eight factors articulated by the Supreme Court" in *Lauritzen v. Larsen*, 345 U.S. 571 (1953), and *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306 (1970). *Fogleman*, 920 F.2d at 282. The factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) the allegiance of the defendant shipowner; (5) the place of the contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations. *See id.* (citing *Lauritzen*, 345 U.S. at 582–93; *Rhoditis*, 398 U.S. at 309). Because the *Lauritzen-Rhoditis* test "is not a mechanical one," counting the number of factors in favor of each nation is not the controlling consideration. *Id.* Rather, the weight of each factor depends on "the particular context of the claim and the national interest that might be served by the application of United States law." *Id.*

The district court conducted a thorough analysis of each factor, which we will not repeat. We agree with the district court that Nigeria is the place of the wrongful act, and thus its law should apply. Applying the law of the place of the wrongful act promotes stability in maritime law and comity between nations, key concerns in the international choice-of-law context. *See Lauritzen*, 345 U.S. at 582. Applying Nigerian law, moreover, should not

No. 10-31232

surprise either party, as both vessels intentionally entered the jurisdiction. *See Calhoun v. Yamaha Motor Co.*, 216 F.3d 338, 347 (3d Cir. 2000).  As the district court correctly observed, Nigeria represents Ya-Sa's and Kriti's common legal denominator.

On appeal, Kriti argues that we should treat Turkey, where Kriti's vessel was repaired in dry dock, as a place where Kriti suffered a "second" wrongful act.  We disagree.  Although Kriti incurred its loss of use damages in Turkey, these damages stem entirely from the original Nigerian allision. *See Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co.*, 426 F.3d 580, 587 (2d. Cir. 2005) ("[T]he state where the negligence occurred holds the greatest interest in regulating the behavior of the parties.").

We also agree with the district court that none of the other seven *Lauritzen-Rhoditis* factors are determinative.  This includes the law of the forum factor, which generally receives little weight in the analysis. *See Laurtizen*, 345 U.S. at 590 ("The purpose of a conflict-of-laws doctrine is to assure that a case will be treated . . . under the appropriate law regardless of the fortuitous circumstances which often determine the forum.").  Kriti's and Ya-Sa's presence in the United States is happenstance; therefore, U.S. law should not apply.

Finally, Kriti argues, without any support whatsoever, that Nigerian law and its unique legal structure will effectively nullify Kriti's loss of use claim.  This species of result-oriented argument has no proper bearing on our analysis. *See Lauritzen*, 345 U.S. at 593 (declining to consider the outcome in its choice of law analysis, or which nation's law would do "the greater or lesser good.").  Because Nigeria is the situs of the wrongful act, Nigerian law governs.

No. 10-31232

## III. CONCLUSION

We AFFIRM the district court's denial of Kriti's motion for partial summary judgment.